UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

**JOHN H. SUTHERLAND**,

      Plaintiff,

vs.

                                                                                  No. CIV 6:96-1795 SC/LCS

**JOHN SHANKS, ET AL.**,

      Defendants.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### NOTICE

Within ten days after a party receives a copy of these Proposed Findings and Recommended Disposition that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such Proposed Findings and Recommended Disposition.  A party must file any objections within the ten day period allowed if that party desires review.  In the absence of timely-filed objections, no review will be conducted.

### PROPOSED FINDINGS

    a.    **Historical and Procedural Background**

Plaintiff John H. Sutherland ("Sutherland"), proceeding *pro se*, brings this prisoner civil rights action against various state corrections officials.  Sutherland filed this action in state court, but it was subsequently removed to federal court.

The events and allegations underlying the amended complaint occurred on July 9, 1995. According to Sutherland, just prior to a visit with his former sister-in-law, he was taken per prison

policy to a strip cell. At that time, Sutherland alleges that he was made to squat naked for an inordinate time period by a corrections officer. (Am. Compl. at 4-5). Later, in the visiting room, Sutherland contends that without any provocation, a corrections officer pulled violently on the handcuffs attached to one of Sutherland's wrists. (Am. Compl. at 5-6). Sutherland then avers that after the officer pulled harder, Sutherland yanked his cuffed arm away. He then was re-cuffed by other officers after a struggle. Sutherland alleges that he suffered lacerations and damage to his wrists and hands, and that he has suffered a loss of movement in some of his hand joints as well. (Am. Compl. at 6-7).

On May 30, 1997, in an effort to determine the merits of Sutherland's claims, I ordered Defendants to submit a *Martinez* report. *Martinez v. Aaron*, 570 F.2d 317, 319-20 (10th Cir. 1978). A *Martinez* report may be used in a variety of procedural situations, including in the context of a motion for, or *sua sponte* entry of, summary judgment. *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). However, consideration of using the *Martinez* report as the basis for granting or entering summary judgment requires that the plaintiff be afforded an opportunity to present conflicting evidence to controvert the facts set out in the *Martinez* report. *Id.*

Defendants timely submitted their *Martinez* report on July 3, 1997. Defendants then filed a supplement to their *Martinez* report on July 18, 1997. Sutherland was then afforded an opportunity to submit a response, which he filed on August 12, 1997. In the order of May 30, 1997, which directed Defendants to submit a *Martinez* report, I gave both parties clear and adequate notice that this Court could use the *Martinez* report to grant summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Employing the *Martinez* report, the district court granted summary judgment in favor of Defendants as to Counts I, III and IV of the

amended complaint. However, Count II of Sutherland's amended complaint survived summary judgment at that time. (*See* Order of December 1, 1997).

      b.    **Remaining Defendants in this Action**

Before addressing the merits of the motion before the Court, I consider Defendants' contention that all Defendants in this suit have been dismissed except for Defendant Sanchez. (Def. Sanchez's Mot. to Dismiss or for Summ. J. at 1). A review of the orders of the district court indicates that the issue of whether the Defendants other than Defendant Sanchez have been dismissed from this suit has not been explicitly addressed. Therefore, I will make a recommendation on this matter to the district court.

Being that the only remaining count is grounded as a constitutional claim under 42 U.S.C. § 1983, I find that Sutherland cannot state a claim against Defendants other than Defendant Sanchez for the following reasons. First, the amended complaint fails to affirmatively link any Defendant other than Defendant Sanchez to the underlying incident. To succeed against a defendant in a § 1983 action based upon excessive force, a plaintiff must allege some personal involvement in the alleged assault. *Meade v. Grubbs*, 841 F.2d 1512, 1527-28 (10th Cir. 1988). Here, no such allegation is made against the other Defendants. Second, it is well settled that a civil rights action against a state official may not be based solely upon a theory of respondeat superior liability for the actions of workers supervised by the official. *See Wiggins v. New Mexico State Supreme Court Clerk*, 664 F.2d 812, 816-17 (10th Cir. 1981), *cert. denied*, 459 U.S. 840 (1982). Therefore, I recommend that Sutherland's Eighth Amendment claim against Defendants other than Defendant Sanchez be dismissed for failure to state a claim upon which relief can be granted. FED.R.CIV.P. 12(b)(6). If this recommendation is adopted, it would leave Defendant

Sanchez as the sole defendant remaining in this cause.

### c. The Motion to Dismiss or, in the Alternative, for Summary Judgment

In Count II of his amended complaint, Sutherland contends that he was subjected to excessive force by Defendant Sanchez in violation of the Eighth Amendment. (Am. Compl. at 8-9). Specifically, he avers that the force used on him by Defendant Sanchez during the incident of June 9, 1995, comprises a constitutional violation. On January 20, 1998, Defendant filed a motion to dismiss or, in the alternative, for summary judgment as to that claim. Because the motion rests on matters contained outside of the pleadings, I will treat the motion as one that solely seeks the entry of summary judgment. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (motion to dismiss treated as a motion for summary judgment when the motion is "premised on materials outside the pleadings").

Summary judgment should be granted only where no genuine issue of material fact exists, entitling the movant to judgment as a matter of law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). The burden of establishing the absence of a material question of fact is on the movant. *Id*. That burden may be discharged by showing that there is an absence of evidence to support the nonmovant's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Once this is done, the burden shifts to the nonmovant to demonstrate a genuine issue for trial on a material matter. *Bacchus Industries, Inc. v. Arvin Industries, Inc.*, 939 F.2d 887, 891 (10th Cir. 1991). The nonmovant may not rest on his pleadings, but must set forth specific facts showing there is a genuine issue for trial. *Celotex*, 477 U.S. at 324. A mere scintilla of evidence in the nonmovant's favor is insufficient to withstand a summary judgment motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986). Thus, the relevant inquiry is "whether the evidence

presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52. However, the facts must be construed in favor of the nonmovant. *Deepwater Investments, Ltd. v. Jackson Hole Ski Corp.*, 938 F.2d 1101, 1110 (10th Cir. 1991).

The core inquiry for determining the merits of Eighth Amendment excessive force claims by prisoners is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6 (1992). In this regard, the "extent of injury may be relevant in determining whether corrections officers unnecessarily and wantonly inflicted pain; however, its absence does not end the inquiry." *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court should also consider other factors, such as the relationship between the need of the application of force, the amount of force actually used, the threat reasonably perceived by the prison officials, and any efforts made to assuage the severity of the use of force. *Id.* at 1523-24.

The Supreme Court has also held that de minimis applications of force are necessarily excluded from the cruel and unusual punishment inquiry. *Hudson*, 503 U.S. at 10. "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir.), *cert. denied sub nom John v. Johnson*, 414 U.S. 1033 (1973). Another precept in evaluating these claims is that courts should afford prison officials "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Whitley v. Albers*, 475 U.S. 312, 321-22 (1986) (citation omitted).

Applying these standards, and after reviewing the parties' submissions contained in the instant motion, I find that there is a genuine issue of material fact for trial on Sutherland's Eighth Amendment claim against Defendant Sanchez.  First, based upon the evidence before me, I find that there is a genuine issue of material fact for trial as to "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  *Hudson*, 503 U.S. at 6.  For example, Sutherland has presented contrary evidence in the form of affidavits.  One is an affidavit from Brenda Chavez, one of his visitors on the day in question, in which Chavez swears under oath that Sutherland never offered resistance to the officers prior to the pulling on the handcuffs.  (Pl.'s Response to Mot. to Dismiss or for Summ. J., Ex. E).  Chavez also avers that one of the officers pulled on one of Sutherland's handcuffs "very hard, causing Mr. Sutherland what appeared to be great pain."  *Id*.  Sutherland also presents an affidavit executed by Jonathan Sutherland, his other visitor on the date of the incident, which essentially sets forth the same factual scenario as contained in Chavez' affidavit.  (Pl.'s Response to Mot. to Dismiss or for Summ. J., Ex. F).  These affidavits are irreconcilable with the two affidavits submitted by Defendant Sanchez and, in my view, demonstrate the existence of a genuine issue of material fact for the factfinder.

Second, the evidence shows a disagreement as the extent of Sutherland's injuries.  For one thing, there are no available photographs of any injuries.  (Defs.' Response to Order to Supplement *Martinez* report at 1-2).  The only viable evidence showing the extent of Sutherland's injuries consists of several medical reports completed by corrections personnel, which demonstrate contrary observations of Sutherland's injuries.  (*See* Defs.' *Martinez* report, Ex. S, T, U and V).  In one entry, the corrections nurse completing the report states that Sutherland's

injuries that were observed during a second visit were more substantial than those noted in the initial visit shortly after the incident. (*Id*., Ex. T). That nurse also avers that Sutherland's injuries in the second visit could have been self-inflicted. *Id*. Sutherland points out that photographs of his injuries have not been made available. (Pl.'s Reply to *Martinez* report at 3). He also contends that the gravity of his injuries increased upon his second visit because of "swelling and bruising" to his fingers and hands. (Pl.'s Response to Mot. to Dismiss or for Summ. J. at 4). In my view, the evidence demonstrates a genuine issue of material fact for trial on the extent of Sutherland's injuries, whether his injuries were self-inflicted, and ultimately whether the force used was of a de minimis nature.

In summary, after construing the facts in favor of Sutherland, as I must for summary judgment purposes, *Deepwater Investments, Ltd. v. Jackson Hole Ski Corp*, 938 F.2d 1101, 1110 (10th Cir. 1991), I find that there is a genuine issue of material fact for trial as to Count II of Sutherland's amended complaint (Eighth Amendment excessive force). Therefore, I recommend that Defendant Sanchez' motion to dismiss or, in the alternative, for summary judgment as to Count II of the amended complaint be denied.

## MAGISTRATE JUDGE'S RECOMMENDATION

For these reasons, I recommend that:

1. Sutherland's remaining claim of Eighth Amendment excessive force (Count II) be dismissed as to all Defendants other than Defendant Manuel Sanchez, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

2. Defendant Sanchez' motion to dismiss or, in the alternative, for summary judgment as to

Count II of the amended complaint, filed January 20, 1998, be denied.

_____
Leslie C. Smith
United States Magistrate Judge